GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: Matthew.Cassell@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Julian Canastillo,<br>Defendant. | CR-22-1857—001-TUC-JCH-BGM<br><br>RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE |

NOW COMES THE UNITED STATES, and hereby provides its Response to the Defendant's Motion to Modify Conditions of Release in this case, and states as follows:

1. On September 15, 2022, a federal grand jury returned a true bill of superseding indictment against the defendant on charges of straw purchasing and exportation of firearms.

2. The defendant made his initial appearance before the Court on October 26, 2022, and the Court ordered him detained. The defendant filed his Motion to Modify on May 8, 2023, citing one change in circumstance – that his "state court sentence terminates on May 29, 2023, and at that point Mr. Canastillo will have no holds or other detainers."

**Applicable Law**

3. A person facing trial is entitled to release under the least restrictive conditions or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

4. In certain cases, however, the government may move for detention. As the Supreme Court has stated, "The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes." *United States v. Salerno*, 481 U.S. 739, 747 (1987) (citing 18 U.S.C. § 3142(f)). On a motion for pretrial detention, the government bears the burden of showing that the defendant poses a flight risk by a preponderance of the evidence, and that the defendant is a danger to the community by clear and convincing evidence. *Motamedi*, 767 F.2d at 1406-07.

5. The Ninth Circuit described the factors a District Court is to consider at a detention hearing:

> Section 3142(g) specifies the various factors that must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(g). These factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id.; Motamedi*, 767 F.2d at 1407. Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408.

*United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

6. The detention hearing can be re-opened pursuant to 18 U.S.C. 3142(f) if: [T]he judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. This issue is one that has rarely been discussed by circuit courts of appeal. There seems, however, to be a consensus that a defendant must show that information material to the issue of flight or dangerousness now exists that was not known to the defendant at the time of the initial hearing. See, *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) and *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991).

**Argument**

7. The government concedes that the defendant presents a genuine change in circumstances. However, based on the information contained in the pretrial services department's report to the Court, as well as information the government intends to present to the Court at the detention hearing currently scheduled for June 6, 2023, the government maintains that the defendant remains a flight risk. The defendant should be detained.

Respectfully submitted this 22nd day of May, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/Matthew C. Cassell

MATTHEW C. CASSELL
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 22nd day of May, 2023, to:

Christopher L. Scileppi, Esq.
Attorney for defendant