**LAW OFFICE OF DOMINIC RIZZI P.L.L.C.**
**100 N Stone #601**
**Tucson, Arizona 85701**
**(520) 591-7919**

Dominic Rizzi Esq.
rizzilawaz@gmail.com
State Bar No. 033309
Attorney for Omar Trujillo

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | **Docket No. 4:22-cr-01857-JCH-3** |
| **Plaintiff,** | **DEFENDANT'S OBJECTION TO PSR** |
| **VS.** | |
| **Omar Trujillo, Jr.,** | |
| **Defendant.** | |

## I.    Nature of Objection

Defendant, through undersigned counsel, hereby objects to the PSR's assignment of one criminal point for Defendant's 2020 misdemeanor conviction, for Operating a Vehicle without an Ignition Interlock under Tucson City Court case TR20008894 (PSR, pg. 17.) As part of that conviction, Mr. Trujillo received a sentence of 12 months of probation, and no jail time. *Id*. Defendant objects to the assignment of one criminal point for this conviction because this traffic conviction is similar to at least one, if not more, of the minor offenses listed in U.S.S.G. § 4A1.2(c)(1) and because the sentence imposed did not exceed 30 days in jail and / or one year of probation. Furthermore, Defendant objects

because the misdemeanor traffic conviction is similar to one of the minor offenses listed in U.S.S.G.§ § 4A1.2(c)(2) which are never counted, regardless of the sentence. As a result of counting this misdemeanor conviction, the PSR calculates Mr. Trujillo's Criminal History Category at category III, with four points. Should the Court determine that Mr. Trujillo's 2020 misdemeanor conviction for Operating a Vehicle without an Ignition Interlock not be counted, pursuant to U.S.S.G. § 4A1.2(c)(1) and / or (c)(2), Mr. Trujillo will fall correctly in Criminal History Category II. Accordingly, once this criminal history point is subtracted, the PSR should be corrected to reflect an applicable Guideline range of 21-27 months.

Where a sentencing court improperly calculates a Defendant's Sentencing Guideline range by including a prior conviction which is an excludable minor offense under U.S.S.G.§ 4A1.2(c), it commits reversible procedural error. United States v. Grob, 625 F.3d 1209, 1211-12 (9th Cir. 2010) (reversed because sentencing court improperly included prior misdemeanor conviction for criminal mischief, where similar to the excluded listed offense of disorderly conduct).

## II.    The Applicable Law

Under U.S.S.G. § 4A1.2(c)(1) in order "to screen out past conduct which is of such minor significance that it is not relevant to the goals of sentencing," certain enumerated prior offenses and offenses "similar to [those enumerated offenses], by whatever name they are known," are not counted unless: "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior

offense was similar to an instant offense." *United States v. Grob*, 625 F.3d 1209, 1213 (9th Cir. 2010). Under U.S.S.G. § 4A1.2(c)(2), certain enumerated offenses, "and offenses similar to them, by whatever name they are known, are never counted" (regardless of the sentence imposed or similarity to the instant offense).

Before 2007, there was disagreement within the circuit courts (and even within the Ninth Circuit) regarding the test to be used to determine whether a prior offense was "similar" to one of the enumerated offenses. *Grob*, at 1213, citing *United States v. Lopez-Pastrana*, 244 F.3d 1025, 1027-30 (9th Cir. 2001). One of the two tests articulated by the Ninth Circuit, was a sort of a "common sense" test as used by the Second, Fifth, and Seventh Circuits. *Id*. at 1027. The second test was a sort of an "elements" test as used in the First, Third, Fourth, and Eleventh Circuits. *Id*. at 1027. In 2007, the Sentencing Commission responded by promulgating Application Note 12 to U.S.S.G. § 4A1.2. Therein, the Commission explicitly adopted the "common sense" test employed by the Second, Fifth, and Seventh Circuits. *See* U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.12 (2009); U.S. Sentencing Guidelines Manual Supp. to Append. C at 240 (2009); *United States v. Martinez-Santos*, 184 F.3d 196 (2d Cir.1999); *United States v. Booker*, 71 F.3d 685 (7th Cir.1995); *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 2001). Application Note 12 provides:

In determining whether an unlisted offense is similar to an [enumerated] offense ... the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring conduct. Application Note 12, U.S.S.G. § 4A1.2.

### III.    Argument

#### A.  Pursuant to U.S.S.G. § 4A1.2(c)(1), because Mr. Trujillo's prior Ignition Interlock Conviction is similar to Driving on a Suspended/Revoked License, it should not be calculated in his Criminal History:

The conviction at issue clearly meets subsection U.S.S.G. § 4A1.2(c)(1)'s requirement that the sentence imposed not exceed one year of probation or a term of imprisonment of 30 days. Specifically, Mr. Trujillo was sentenced to one year of probation and no incarceration. Similarly, Mr. Trujillo's prior conviction also meets U.S.S.G. § 4A1.2(c)(1)'s requirement that the prior offense is not similar to the instant offense. Therefore, the determining factor as to whether or not Mr. Trujillo's prior traffic-misdemeanor conviction for Operating a Vehicle without an Ignition Interlock is excluded under § 4A1.2(c)(1) depends purely on whether it is "similar to" one of the listed offenses, applying the "common sense" approach.

In determining whether the interlock violation is similar to "driving without a license or with a suspended or revoked license," the first two factors weigh in favor of similarity. First, the statutory punishments for both offenses is the same. In Arizona, Driving on a Suspended, Revoked or Canceled License, is a class one misdemeanor. A.R.S. § 28-1463. Similarly, violations of Arizona's ignition interlock device statute also constitute a class one misdemeanor. A.R.S. § 28-1464. Accordingly, as class one misdemeanors, both violations are punishable by maximum sentences of six months incarceration, up to 3 years of probation, and / or fines up to $ 2,500. 13 A.R.S. §§ 707, 802, 902.

However, in *Grob,* the Ninth Circuit explained that the second factor (the actual sentence imposed) is more important than the first factor (the maximum sentence under the statute). *Grob*, supra, at 1214, citing *United States v. Reyes-Moya*, 304 F.3d 362, 366-367 (5th Cir. 2002). The Court held, "[m]ore important than the statutory range of punishments is the actual punishment given as '[t]he level of punishment imposed for a particular offense serves as a reasonable proxy for the perceived severity of the crime." *Grob*, supra, at 1216, quoting *Reyes-Moya*, at 367. Here, since the misdemeanor court imposed no jail time and only 12 months of probation, the actual sentence was quite minor, favoring a conclusion of similarity. As concluded by the Ninth Circuit in *Grob*, "[b]y imposing such a light sentence, the [ ] court deemed Grob's crime fairly minor – an important consideration in applying the second factor in Application 12, the perceived seriousness of the offense as indicated by the level of punishment." *Grob*, supra, at 1216.

As for the third listed factor in Application Note 12 (the elements of the offense), both offenses involve criminalizing status infractions related to Arizona driving privileges. A.R.S. 28-3463, Arizona's driving on a suspended, revoked or cancelled license statute, prohibits driving when one's license has been suspended, revoked or cancelled. Similarly, the ignition interlock statute, A.R.S. 28-1464(G), prohibits driving without a required ignition interlock device. In other words, the Arizona offense of driving on a suspended license applies against people whose driving privileges have been completely restricted for a period of time if they continue to drive in violation of Motor Vehicle Division's restricted status. Similarly, the interlock statute applies against people whose driving privileges have been partially restricted for a period of time if they continue to drive in

violation of Motor Vehicle Division's restricted status. The similarity of the elements of these two traffic infractions supports that ignition interlock violations should not be counted for Criminal History calculations.

The fourth factor, the level of culpability in the prior offense, also strongly favors Mr. Trujillo's position. In evaluating this factor, the Ninth Circuit looks at the defendant's state of mind and his actual conduct. Here, there is no information suggesting anything beyond minimal culpability with respect to Mr. Trujillo's interlock violation, particularly since the offense is a strict liability offense, requiring no criminal intent.

Finally, the final factor, the degree to which the offense indicates a likelihood of recurring conduct, also weighs in Mr. Trujillo's favor. It should be noted that "[a]pplication Note 12 makes it clear that, rather than employing hindsight in light of the instant offense, when determining whether a prior offense demonstrated a risk of recurring criminal conduct, courts should look only to the circumstances present at the time of that prior offense." *Grob*. at 1217. Here, though Mr. Trujillo had one prior Driving Under the influence misdemeanor conviction at the time of his interlock device violation, the interlock conviction did not involve any impaired driving. As a result, Mr. Trujillo submits that the contested conviction does not indicate a likelihood of recurring conduct.

**B.  Pursuant to U.S.S.G. § 4A1.2(c)(2), because Mr. Trujillo's prior Ignition Interlock Conviction constitutes, or is similar to, a minor traffic infraction, it should not be calculated in his Criminal History:**

U.S.S.G. § 4A1.2(c)(2) lists crimes which are never counted in a defendant's Criminal History Score. U.S.S.G. § 4A1.2(c)(2) states that certain enumerated offenses and "offenses similar to them, by whatever name they are known, are never counted". One of the enumerated offenses is "minor traffic infractions". U.S.S.G. § 4A1.2(c)(2) goes on to list speeding as an example of a minor traffic infraction.

Mr. Trujillo submits that Operating a Vehicle without an Ignition Interlock Device *is* a "minor traffic infraction" because it is a strict liability, status offense, punishable as a misdemeanor. Should this Court find Operating a Vehicle without an Ignition Interlock Device is *not* a "minor traffic infraction", applying the five factors outlined in Application Note 12, it is "similar to" a minor traffic infraction.

Though Arizona classifies an excessive speed conviction as a class three misdemeanor, punishable by up to 30 days incarceration, up to one year probation, and up to a $500 fine, the Ninth Circuit views the actual penalty imposed as much more dispositive with respect to the § 4A1.2(c) analysis. *Grob*, *supra*, at 1214, 1216; *See* A.R.S. §§ 13-707, 802, 902. As to the "elements" factor, Defendant's interlock violation is less serious than a speeding violation because a prima facie interlock violation does not require any actual unsafe driving conduct or moving violations. In addition, both violations are traffic violations, criminalized as misdemeanors under Arizona's Title 28. As for the comparative culpability analysis, both traffic offenses are strict liability

offenses. However, the conduct of excessive speeds involves much more danger to the community. Finally, for all of the reasons stated in the section above, there is nothing about Mr. Trujillo's interlock violation that reflects a likelihood of future recurring violations.

**C. Conclusion**

For the reasons outlined above, Mr. Trujillo's prior traffic misdemeanor conviction, for driving without an ignition interlock device, should not be counted under § 4A1.2(c) because it is similar to, or of less gravity, than the enumerated offenses of driving without a license or with a revoked/suspended license and of minor traffic infractions (e.g. speeding), and meets all other applicable 4A1.2(c) requirements.

Respectfully submitted this 8th day of June, 2023.

LAW OFFICE OF DOMINIC RIZZI          LAW OFFICE OF RICHARD BOCK

By: __/s/ Dominic Rizzi_____          By: __/s/ Richard Bock_____
Dominic James Rizzi                                    Richard Bock

**Original of the foregoing filed**
**with the United States District Court of Arizona**
**this 8th day of June, 2023.**

**Copy of the foregoing delivered**
**this 8th day of June, 2023, to:**

US Attorneys Office - Tucson, AZ
United States Probation – Tucson, AZ