GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Omar Trujillo, Jr.,<br><br>Defendant. | CR-22-1857-003-TUC-JCH-BGM<br><br>RESPONSE TO DEFENDANT'S OBJECTION TO PSR |

Now comes the United States of America, by and through its attorneys undersigned, and makes the following response to the defendant's objections to the presentence investigation report:

1.      On July 25, 2022, the government filed a complaint against the defendant and one other co-conspirator, alleging one count of straw purchasing, in violation of 18 U.S.C. 922(a)(6). On August 24, 2022, a Tucson federal grand jury indicted the defendant and Martinez on the same count. On September 15, 2022, the same grand jury returned a true bill of superseding indictment against the defendant and nine others, alleging conspiracy, exportation of goods from the United States, and straw purchasing, among other charges. On April 13, 2023, the defendant pled guilty to counts 11-21 of the superseding indictment pursuant to a written plea agreement.

2.      On May 24, 2023, the probation department filed a draft of its presentence investigation report. In paragraph 77 of this report, the probation department attributes one criminal history point to the defendant for his 2020 conviction of operating a vehicle without an interlock device. On June 8, 2023, the defendant filed his Objection to the PSR and argues that the Court should not attribute any criminal history points for this conviction.

3.      In his Objection the defendant compares his conviction to driving on a suspended license, which is inconsistent with this offense, which is inextricably linked to his 2019 driving under the influence conviction (see PSR ¶ 76). Application Note 12 of U.S.S.G. § 4A1.2 provides:

> In determining whether an unlisted offense is similar to an [enumerated] offense ... the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

The Ninth Circuit provided that this approach be used in similar questions of law in *United States v. Landa*, 642 F.3d 833, 834-836 (9th Cir. 2011). Arizona law provides that any person who receives a conviction for driving under the influence is required by A.R.S. § 28-1381(K)(4) to "equip any motor vehicle the person operates with a certified ignition interlock device . . ."

4.      There is no Ninth Circuit case that directly addresses this type of conviction and whether it should garner a criminal history point as the defendant argues. However, the Second Circuit did confront this very issue in *United States v. Valente*, 915 F.3d 916, 919-20 (2d. Cir. 2019). The Court held that while courts *may* consider all the factors listed in note 12 of U.S.S.G. § 4A1.2, they are "not required to explicitly indicate that it

- 2 -

considered the other listed factors or assign any one of them particular weight." *Id.*

5.     Using the common-sense approach and considering the relevant factors requires a finding that the defendant's conviction for driving without an ignition interlock device is an indicator of recidivism and recurring criminal conduct.  The defendant was required to have an interlock device in any car that he drove because he demonstrated that he could not be trusted to obey the laws against driving under the influence without the presence of an interlock device. The fact that the defendant violated the interlock statute only supports this point further.

6.     The defendant attempts to compare the interlock device statute to a driving on a suspended license offense, but his logic is faulty.  A person can receive a suspended license for any number of reasons, including failure to pay fines or be financially responsible towards required registration fees. An ignition interlock, however, is statutorily inextricably intertwined with a DUI offense, which is undeniably a serious offense under the U.S.S.G., and there is no other way for a person to be convicted of an interlock offense.

WHEREFORE the United States respectfully requests the Court deny the defendant's Objection.

Respectfully submitted this 14th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 14th day of June, 2023, to:

Dominic J. Rizzi, Esq.
Attorney for defendant

- 3 -