GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Omar Trujillo, Jr.,<br><br>Defendant. | CR-22-1857-003-TUC-JCH-BGM<br><br>SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1.      The matter is set for sentencing on June 26, 2023.

2.      This case originated from an investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). ATF agents learned the defendant purchased 21 total firearms (nine pistols and 12 rifles) between January 24 and April 30, 2022, many of them having the same make, model and caliber. In addition to his own straw purchases, the defendant also directed Carlos Martinez and Nicolas Meraz to make firearm purchases at FFLs in the District of Arizona. Martinez told agents he believed the firearms could be headed to Mexico.

3.      On July 25, 2022, the government filed a complaint against the defendant and Martinez, alleging one count of straw purchasing, in violation of 18 U.S.C. 922(a)(6). On August 24, 2022, a Tucson federal grand jury indicted the defendant and Martinez on the same count. On September 15, 2022, the same grand jury returned a true bill of superseding

indictment against the defendant, Martinez, Meraz, and seven other men, alleging conspiracy, exportation of goods from the United States, and straw purchasing, among other charges. On April 13, 2023, the defendant pled guilty to counts 11-21 of the superseding indictment pursuant to a written plea agreement.

4.    The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The defendant's guideline sentencing range is 27-33 months, based on a total offense level 16 and criminal history category III. The probation department recommends 24 months of incarceration, which is within the sentencing range set out in the plea agreement.

5.    On June 8, 2023, the defendant filed an objection to the probation department's criminal history category calculation, arguing that the Court should not attribute any criminal history points to a 2020 conviction for an interlock violation. If the Court sustains the defendant's objection, his criminal history category would be II, and his resulting guideline sentencing range would be 24-30 months. The government filed its response to the defendant's objection separately from this sentencing memorandum.

6.    18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

6.    Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and follow the probation department's recommendation to sentence the defendant to 24 months of incarceration, although the government respectfully recommends the defendant be placed on supervised release for three years instead of the two years recommended by the probation department. The

2

defendant has been arrested six times since 2019, and more importantly maintained an intermediary role in a gun smuggling operation that sent many firearms into the Republic of Mexico, almost certainly ending up in the hands of a criminal element that has historically terrorized the people of that nation. The government will further explain its position at the sentencing hearing, currently set for May 31, 2023.

Respectfully submitted this 14th day of June, 2023.

GARY M. RESTAINO
United States Attorney

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 14th day of June, 2023, to:

Dominic Rizzi, Esq.
Counsel for defendant