TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: Matthew.Cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-22-1857-004-TUC-JCH-BGM |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| Carlos Rene Martinez, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following Amended Sentencing Memorandum regarding the above-captioned defendant's sentencing:

1.      The matter is set for sentencing on April 14, 2025.

2.      This case originated from an investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). ATF agents were monitoring the actions of a co-defendant in this case, Omar Trujillo, Jr., and in doing so, they learned the defendant, a former police officer, was involved in the conspiracy. Agents eventually learned that the defendant purchased three firearms from firearms dealers between April 28-30, 2022. The defendant's phone also revealed text messages between the defendant and Trujillo, where they discuss the logistics of the defendant's firearm purchases. Upon being questioned by ATF agents, the defendant admitted he believed the firearms he straw purchased could have been destined for Mexico.

3.    On September 15, 2022, a Tucson grand jury returned a true bill of superseding indictment against the defendant, Trujillo, and eight other men, alleging conspiracy, exportation of goods from the United States, and straw purchasing, among other charges. On January 8, 2025, the defendant pled guilty to counts 8-10 of the superseding indictment pursuant to a written plea agreement.

4.    The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The defendant's guideline sentencing range is 18-24 months, based on a total offense level 15 and criminal history category I. The probation department recommends the Court sentence the defendant to three years of probation and notes that four of the co-defendants in this case also received non-custodial sentences.

5.    18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct."  18 U.S.C. §3553(a)(6).

6.    Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and follow the probation department's recommendation to sentence the defendant to **three years of probation**. The government will further explain its position at the sentencing hearing, currently set for April 14, 2025.

/ / /

2

Respectfully submitted this 7th day of April, 2025.

TIMOTHY COURCHAINE
United States Attorney

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney


Copy of the foregoing served electronically
or by other means this 7th day of April, 2025, to:

Mark D. Lammars, III, Esq.
Counsel for defendant

3